KUTCHER, PLAINTIFF IN ERROR, v. LOVE, DEFENDANT IN ERROR.

1. ADMISSIONS.

Although the law favors amicable settlements of controversies and therefore prohibits evidence of negotiations made by a party for the purpose of buying his peace, when, during negotiations for a com-

promise, a fact is conceded, as in this case, without reservation, evidence of such admission is competent against the party making it.

2. APPELLATE PRACTICE.

No objection having been made in the court below by answer, objection to evidence, by request for instruction or in any other manner that the contract was champertous, it cannot be made for the first time in this court.

3. CHAMPERTY—CONTINGENT FEE.

An agreement by an attorney to prosecute an action, relying for his compensation upon a contingent fee, is neither champertous nor void, unless the attorney also undertakes to pay the costs of the litigation.

4. PRACTICE—PLEADINGS.

A fact admitted by the pleadings cannot be controverted.

*Error to the District Court of Larimer County.*

ACTION for attorney's fees.   Judgment for plaintiff Love. Defendant brings error.

Two causes of action are stated in the complaint.   In the first an indebtedness of $424.66 is claimed on the part of the plaintiff for services alleged to have been rendered by the plaintiff as an attorney to the defendant between the first day of June, 1883, and the first day of October, 1884, at the latter's special instance and request.   The second cause of action is for the sum of $100.   This likewise is for services rendered by plaintiff as an attorney in the year 1888.   It is claimed that these services were reasonably worth $100.

To the first cause of action the defendant interposed a general denial and a special plea to the effect that the employment referred to in the first cause of action was of the firm of Rhodes & Love, and not of the plaintiff Love alone.   This is followed by a statement that the value of the services had been paid in full.   The defense to the second cause of action is a denial that the value of the services was $100, or of any sum greater than $50.00.

The defendant also interposed a counterclaim of $51.25 for goods, wares and merchandise alleged to have been sold to the plaintiff and not paid for.   The new matter set up in the answer is denied in the replication, but upon the trial the counterclaim of $51.25 was admitted.   Upon these issues

the jury returned a verdict for the plaintiff for the full amount claimed, deducting the counterclaim.

Mr. A. B. Seaman, for plaintiff in error.

Mr. E. A. Ballard and Mr. T. M. Robinson, for defendant in error.

Chief Justice Hayt delivered the opinion of the court.

We shall consider the assignments of error in the order in which they are presented by counsel.

By the fifth assignment of error it is claimed that the judgment is excessive to the amount of $25.00. This claim is based upon the evidence of the defendant in error to the effect that he paid this sum to Ledru R. Rhodes, who was at the time a member of the firm of Rhodes & Love, as it is alleged.

The evidence shows that after this suit was begun the defendant called upon the plaintiff and in the presence of a third party expressly admitted that he owed the debt. The objection to this evidence is based on the ground that this admission was for the purpose of securing a compromise. Although the policy of the law favors amicable settlements of controversies and therefore prohibits evidence of negotiations made by a party for the purpose of buying his peace, when during negotiations for a compromise a fact is conceded as in this instance without reservation, evidence of such admission is competent against the party. 1 Greenleaf on Evidence, 14th ed., sec. 192; 9 Am. & Eng. Enc. of Law, pp. 353, 354, and cases cited. Although Kutcher swears that he employed the firm of Rhodes & Love and paid the sum of $25.00 to Mr. Rhodes, Mr. Rhodes testified that he did not remember of ever having received such a payment, although he would not swear positively that it had not been made. It further appears from the evidence that Love had several conversations with the defendant with reference to the demand sued upon, and that in none of these conversations was

any mention made of this claim of payment to Rhodes. Under these circumstances we think the jury were warranted in concluding that no payment had been made.

Moreover, as to whether the employment was of the firm of Rhodes & Love or of Love alone was one of the issues submitted to the jury upon conflicting evidence, and, before the jury could allow for the alleged payment of $25.00 to Rhodes, it was therefore necessary for them to find that the employment was of the firm of Rhodes & Love. It is evident that the jury did not so find. This issue having been submitted to the jury upon conflicting evidence and upon instructions correctly stating the law upon this branch of the case, the verdict of the jury thereon must be taken as conclusive upon this review.

It is contended for the first time in this court that the contract between Kutcher and Love was illegal and champertous because it provided for a contingent fee. No objection was made for this reason in the court below, by way of answer, objection to evidence, by request for an instruction, or in any other manner, and the defendant is not entitled to raise this question for the first time in this court. And aside from this, the evidence fails to show a champertous agreement with reference to that suit. It is well settled that a contract for a contingent fee may be enforced. The evidence fails to show that Love assumed any responsibility with reference to paying the costs of the suit, although, as a matter of fact, he did advance some money for that purpose, which was afterwards repaid to him. An agreement by an attorney to prosecute a cause of action, relying for his compensation upon a contingent fee, in whole or in part, is neither champertous nor void, unless the attorney also undertakes to pay the costs of the litigation. If the attorney looking to his client for repayment in the future, simply makes the necessary advances to cover such costs, this has been held unobjectionable. In fact, this is a common practice, both in this country and in England. Weeks on Attorneys at Law, p. 589; *Wright v. Tebbitts*, 91 U. S., p. 252.

VOL. XIX—35

In this state we have a statute defining and punishing both barratry and officious intermeddling in suits, and these supersede the common law offense of champerty. *Newkirk v. Cone*, 18 Ills., p. 449.

It is next contended that a part of the services, the value of which are sued for in the second cause of action, were rendered by Mr. Ballard at the request of Love, and not by Love himself, and that Love cannot recover for such services. It is a sufficient answer to this objection that no issue is made by the pleadings upon the rendition of these services. The answer specifically admits that Love rendered the services. The only issue upon this cause of action made by the pleadings is in reference to the value of these services, the defendant claiming that it did not exceed $50.00.

The evidence introduced by the plaintiff fully justifies the verdict returned by the jury, and although this evidence is in some particulars contradicted by the testimony of the defendant, we cannot for this reason interfere with the judgment reached in the trial court. No objections or exceptions were reserved to the instructions, and the judgment must be affirmed.

*Affirmed.*