[No. 4344.]

O'DRISCOLL v. DOYLE.

1. **Contracts—Champerty—Public Policy—Buying Interest in Suit.**

A contract whereby a party purchased an interest in a suit already pending in the supreme court, paying part of the consideration to the plaintiffs in the action and retaining part to pay

costs, agreeing that if the amount retained was not sufficient to pay all costs the balance should be paid proportionately by the parties to the contract and if more than enough to pay costs the remainder should be paid to the plaintiffs in the action, where there is no evidence that the interest was purchased for the purpose of officiously intermeddling in the suit or with a view of promoting litigation, is not void either as contrary to public policy or as champertous under section 1299, Mills' Ann. Stats.

2. Contracts—Interest in Suit—Measure of Damages.

Where plaintiff purchased of defendant an interest in a suit then pending wherein defendant was plaintiff and defendant agreed not to compromise or settle said suit without plaintiff's knowledge and under no circumstances to settle for a sum whereby plaintiff would get for his interest less than the amount paid therefor, and defendant in violation of the contract compromised and settled the action without plaintiff's consent and for a sum less than that agreed upon, in an action upon the contract the amount of money actually paid by plaintiff to defendant was a proper measure of damages.

*Error to the District Court of El Paso County.*

Messrs. GUNNELL, CHINN & MILLER, for plaintiff in error.

Mr. SCOTT ASHTON, for defendant in error.

Mr. JUSTICE STEELE delivered the opinion of the court.

Suit was begun by James Doyle against J. J. O'Driscoll upon the following written contract:

"For and in consideration of one dollar, and other good and valuable considerations, the receipt of which is hereby acknowledged, I, J. J. O'Driscoll, hereby sell, assign, transfer and set over unto James Doyle, an undivided one-third ($\frac{1}{3}$) interest in and to a certain cause of action entitled *J. J. O'Driscoll v. James F. Burns,* which said cause of action is now pending in the district court of El Paso county, Colorado; it also being agreed and understood by and between the parties hereto that the said James Doyle

shall be entitled to one-third of all moneys, or other property which may be received in said cause by myself, either by final judgment of the court, or by any compromise which may be, or should hereafter be, made in said action.

"It is further agreed and understood that no compromise or settlement of any kind or nature of said action, set out and described herein, shall be made by said J. J. O'Driscoll, whereby said James Doyle is to receive less than the sum of five thousand ($5,000) dollars.

"It is further agreed and understood that the said J. J. O'Driscoll shall not have any right or authority, and he hereby agrees not to settle said cause for any sum of money where, by reason of said settlement, the said James Doyle shall be entitled to a less sum than five thousand ($5,000) dollars, and the said Doyle shall be entitled to his full proportion of any settlement made in excess of that sum; and both of said parties agree that they will not settle said cause without the knowledge of John K. Vanatta, attorney for J. J. O'Driscoll, and Scott Ashton, attorney for James Doyle.

"In witness whereof the party hereto has hereunto set his hand and seal this 8th day of March, A. D. 1898.

"J. J. O'Driscoll."

The plaintiff alleged in the complaint that the said J. J. O'Driscoll did, on or about the month of September, 1898, without his knowledge and without his consent and without the knowledge of his attorney, settle said action and release the said Burns from all claims and demands, and receive the sum of five thousand dollars therefor.

The answer admits the execution of the agreement and the receipt of the money, as alleged in the

complaint, and sets out a contemporaneous agreement between Doyle and O'Haire and O'Driscoll, as follows:

"This agreement made this 8th day of March, A. D. 1898, by and between John D. O'Haire and J. J. O'Driscoll as parties of the first part, and James Doyle as party of the second part, witnesseth:

"That whereas said parties of the first part have this day assigned to the party of the second part, an interest in certain causes of action, each of them has against one James F. Burns, and for which said interest the party of the second part is to pay said first parties the sum of five thousand dollars ($5,000) which said sum is to be paid as follows: One thousand dollars to each of said parties upon this date, the receipt of which is acknowledged by first parties, and the further sum of one thousand dollars within three days from the time an order is made in the supreme court of the state of Colorado allowing the bill of exceptions to be amended in the cause of *John D. O'Haire v. James F. Burns et al.,* and one thousand dollars to be retained by the said James Doyle, which said sum is to be paid by the said Doyle in and about the prosecution of said causes of action, or either of them—same to be paid upon the direction of John K. Vanatta, attorney for plaintiffs in said causes of action, and after said sum of one thousand dollars has been so paid by said Doyle in and about the expense of carrying on said litigation, each of said parties is then to pay his proportionate share of all expenses of said litigation.

"It is further agreed that in case said sum of one thousand dollars is not required by the said parties in the prosecuting and maintaining of said causes of action, then the unpaid portion thereof is to be paid by said Doyle to said O'Haire and O'Driscoll, share and share alike.

"It is further agreed that in case said bill of exceptions is not allowed to be amended by said supreme court, so as that the said case of *O'Haire v. Burns et al.* shall be dismissed in the supreme court, then, and in that case the said Doyle agrees to pay to O'Driscoll the sum of one thousand dollars as and for a consideration for his assignment of his cause of action against said Burns—the same to be paid within three days from the time of the decision of the supreme court upon said motion to amend.

"It is further agreed and understood that in case said Doyle fails and refuses to pay said deferred payments, or any part of them, that this contract, as well as said assignment of judgments shall become void and of no effect.

"In witness whereof the parties hereto have hereunto set their hands and seals the day and year first above written.

"J. D. O'Haire,
"J. J. O'Driscoll,
"James Doyle,"

but alleges that the contract is champertous, illegal and against public policy of the state of Colorado; and further, that the said Doyle failed and refused to perform his part of said contract, in that he refused to pay, after demand, the sum of fifty-five dollars and sixty-five cents, accrued costs in said cause.

The testimony shows that Doyle had paid under the contract the sum of four thousand dollars. The trial resulted in a judgment for the plaintiff in the sum of four thousand dollars. O'Driscoll brings the suit here by writ of error, and says that the judgment is contrary to law and is not supported by the evidence, and that judgment should have been rendered for the defendant.

The principal ground for reversal is, that the agreements set forth in the complaint and answer

upon their face show that said contracts are champertous, illegal and against public policy, and against the statutes of this state.

Section 1299, Mills' Annotated Statutes, is as follows:

"If any person shall officially intermeddle in any suit at common law or in chancery, that in no wise belongs to or concerns such person, by maintaining or assisting either party with money or otherwise to prosecute or defend such suit with a view to promote litigation, every such person so offending shall be deemed to have committed the crime of maintenance, and upon conviction thereof shall be fined and punished as in cases of common barratry; *Provided,* That it shall not be deemed maintenance for a man to maintain the suit of his kinsman or servant or poor neighbor out of charity."

This statute was copied from Illinois, sec. 108, chap. 30, Rev. Stats. Ill. (1845).

It was held by this court, in the case of *Kutcher v. Love,* 19 Colo. 542, that the species of maintenance known as champerty does not exist in this state except as it is included in the statutory offenses defined in sections 1298 and 1299, Mills' Annotated Statutes.

It has been held in Illinois that, "The offense of maintenance consists in a person officiously intermeddling in a suit which in no wise belongs to or concerns him, by maintaining or assisting either party with money, or otherwise, to prosecute or defend such suit, *with a view to promote litigation;* and by no legitimate construction can it extend to many acts deemed maintenance at common law."—*Newkirk v. Cone,* 18 Ill. 449. And in the case of *Casserleigh v. Wood,* 14 Colo. App. 265, it was held that the common-law offenses of champerty and maintenance do not exist in this state.

Although the common law has been superseded by the statute, it is held in the case of *Kutcher v. Love, supra,* that, "An agreement by an attorney to prosecute a cause of action, relying for his compensation upon a contingent fee, in whole or in part, is neither champertous nor void, unless the attorney also undertakes to pay the costs of the litigation."

In the recent case of *Casserleigh v. Wood* in the United States circuit court of appeals, 56 C. C. A. 212, it was held, that where a layman agreed to furnish certain testimony, and engaged to bear all the costs of the litigation, in consideration whereof he was to receive a portion of certain mining property, if recovered, the court should decline to enforce such agreement, because contrary to public policy.

The contract under consideration by the United States court was upheld in this court, upon the ground that a contract to furnish testimony then in the possession of the party agreeing to furnish it is not contrary to public policy. The question as to whether a contract to pay all expenses of litigation and furnish testimony to establish material facts, in consideration of an agreement for a contingent interest in the property involved, is voidable because champertous, was not considered. The writer of this opinion did not participate in the decision of the above-mentioned case; and he is of opinion that such a contract should not be enforced,—and this without regard to whether the contract is made by a lawyer or by a layman.

The agreements set forth in the pleadings were not champertous, nor were they voidable because contrary to public policy. Doyle did not agree to bear the expenses of litigation for an interest in the property to be recovered. He purchased an interest in the chose in action, but made no agreement with reference to the expenses except that he should bear his

share of the expenses after a certain time. The contracts must therefore be upheld unless they are such contracts as are prohibited by section 1299, Mills' Annotated Statutes. There is no testimony showing that this was a contract entered into for the purpose of promoting litigation. Doyle had a perfect right to purchase an interest in the subject-matter, and when he did so he became interested in the suit. He cannot be regarded as an officious meddler; and the statute only prohibits assistance, with money or otherwise, by persons not interested in the suit. We must presume that the court, in rendering judgment for the plaintiff, found that he in good faith purchased an interest in the cause of action, and that he did not do so "with a view to promote litigation;" and a perusal of the testimony discloses that such finding is supported by the evidence.

In the testimony of the attorneys for the defendant it is stated that the suit was brought in good faith, believing that a meritorious cause of action existed. We shall accept this as correctly stating the character of the litigation at the time Doyle became interested in it; and while an intermeddler may violate the statute by maintenance before or after the suit is begun, the fact that Doyle was in nowise concerned in the bringing of the suit, nor in the trial thereof, and the fact that he did not become interested until the cause was pending in the court of last resort are circumstances worthy of consideration. There was testimony, then, upon which the court could have based a finding that the suit was in good faith brought for the purpose of recovering an interest in mining property, and that O'Driscoll and his attorneys believed a meritorious cause of action existed. The witness O'Haire, one of the plaintiffs in the original suit, testified that when the case was pending in this court he had spent about all his money and that O'Dris-

coll, the other plaintiff, had none at all, and that he wanted to get some one to help him out by advancing money for expenses. That he had approached several persons, and that finally he induced Doyle to enter into the agreements set forth herein. Mr. Ashton, the attorney for Doyle, testified that he and Doyle had been repeatedly solicited by O'Driscoll and O'Haire, for two or three months, to have Doyle advance money to carry on their respective suits; they stating that they were without funds and needed financial aid. The court was warranted in finding from this testimony that Doyle had not sought to become interested in the controversy for the purpose of promoting litigation or for the purpose of promoting strife and contention; and unless one does officiously intermeddle in lawsuits, with a view of promoting litigation or of wilfully exciting and stirring up suits and quarrels, he is not guilty of either maintenance or barratry, as defined by our statutes. Doyle advanced the sum of $4,000 and agreed to pay $1,000 more and to bear his share of the expenses; and, to secure the money advanced, took an assignment of an interest in the chose in action and required the parties to agree that no compromise should be made without the consent of his attorney unless the amount received was sufficient to repay him the amount advanced. The facts fail to disclose an agreement contrary to public policy or in violation of our statute, and we think it should be upheld.

There was some testimony to the effect that Doyle had failed to pay his share of the expenses, after demand; but this was contradicted, and we cannot therefore disturb the judgment.

It is also contended that the measure of damages is not that applied by the court, and that only nominal damages should have been awarded in the absence of proof of the actual damages sustained. The defend-

ant received his share of the money paid by Doyle; he agreed that he would not settle the suit for a sum of money where by reason of the settlement Doyle should be entitled to a less sum than five thousand dollars; that he would not settle the suit without the consent of Doyle's attorney. He settled the suit for five thousand dollars without Doyle's or his attorney's consent. The court rendered judgment for the sum of four thousand dollars, the amount actually advanced by Doyle.

We perceive no error in the record, and the judgment is therefore affirmed.        *Affirmed.*