[No. 4773.]

## KINLEY v. KINLEY.

**Trusts and Trustees—Express Trust—Parol Agreement—Enforcement.**

    A husband furnished funds for the purchase of lots and improvements thereon, the conveyance, without any evidence of fraud, being taken in the name of the wife under a parol agreement that the property should be held for their joint benefit.

The defendant declining to recognize such agreement, the husband cannot enforce it, as parol evidence is not competent in this state to establish an express trust.—P. 37.

*Appeal from the District Court of the City and County of Denver.*

*Hon. John I. Mullins, Judge.*

Action by Louis A. Kinley against Ida M. Kinley. From a judgment for plaintiff, defendant appeals.            *Reversed.*

Mr. D. C. WEBBER and Mr. HORACE C. BENSON, for appellant.

Messrs. TALBOT, DENISON & WADLEY and Mr. W. H. HUNT, for appellee.

Mr. JUSTICE GUNTER delivered the opinion of the court:

In 1881 plaintiff (appellee), and defendant (appellant), were married. Defendant at the time was a widow with two children. A child was born of the marriage. Defendant after marriage, and between 1881 and 1893, purchased certain lots in an addition to Denver, with funds provided by plaintiff, the deed therefor being taken in her name, under an agreement that the property should be held for the joint benefit of plaintiff and defendant. Defendant denied that the funds for the purchase were provided by plaintiff. Also denied that the funds for the improvement of the property were provided by the plaintiff.

The issues thus presented were found for plaintiff, and as so found we receive them. The case then is reduced to this: Plaintiff, the husband of defendant, furnished funds for the purchase of lots, and for the improvement of those lots upon the agreement with his wife, the defendant, that the property so

acquired should be held for their joint benefit. The' defendant declined to recognize such agreement, and this action was brought to enforce it.

. The only evidence to establish this- agreement was parol. The gist of the case, then, is this: Plaintiff established a parol express trust between his wife, the defendant, and himself, and relied upon this for relief. There was no evidence of fraud in bringing about the placing of the title in defendant's name, or in securing the funds from the plaintiff to go into the construction of the improvements. The case presents simply an effort to establish an express or direct. trust by parol testimony. This, it has been ruled in this state, cannot be done. We are unable to distinguish in any particular the case from *Davis v. Davis,* 18 Colorado 67, and upon its authority the case is reversed.

See, also, *Von Trotha v. Bamberger,* 15 Colo. 1.

Judgment reversed.              *Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE MAXWELL concur.