[No. 5178.]

[No. 2782 C. A.]

## ROUTT ET AL. V. DILS.

1. **Principal and Surety—Bond—Construction—Breach of Contract—Notice to Surety—Sufficiency.**

A building contract provided for the completion of the building on a certain day, and further provided for $2.00 per day as liquidated damages for failure to complete within such time. A surety bond was given for the faithful performance of such contract, and required the obligee to give immediate notice of the contractor's failure, neglect or refusal to do or perform any matter or thing "at the time specified." Held, that the day upon which the building was to be completed was the time specified for the completion of the contract, and the obligee was not required to anticipate the possible default of the contractor and notify the company before such date, especially as the contract stipulated for liquidated damages if not completed at such time.—P. 56.

2. **Same.**

A bond was given to secure the performance of a building contract, whereby the contractor agreed to furnish certain material and complete certain work for plaintiff by November 17th. The bond required plaintiff to give the bonding company immediate notice of the failure, neglect, or refusal of the contractor to do or perform any matter or thing at the time specified. Held, that a notice of the contractor's failure to perform the contract, sent on November 21st and received by the bonding company on November 24th, was a sufficient compliance with its terms.—P. 57.

3. **Same.**

One of the conditions of a surety bond, given to secure the performance of a building contract, required that notice of the contractor's failure to perform the contract should be given in writing, by registered letter prepaid, addressed to the bonding company at its principal office in New York City, and further provided that notice to any agent of the company should not be considered notice to the company. Held, that a notice sent by its agent at the request of the obligee, and duly received by it, was sufficient.—P. 57.

4. **Principal and Surety—Surety Bond—Breach of Contract—Measure of Damages.**

In an action on a surety bond, given for the faithful performance of a building contract, the measure of damages for the

breach of contract is the difference between the amount paid to the contractor and the value of the improvements placed upon the property by him.—P. 60.

*Appeal from the District Court of Arapahoe County. Hon. Samuel L. Carpenter, Judge.*

Action by Joseph H. Dils against John H. Routt and The National Surety Company. From a judgment for plaintiff, defendants appeal. *Affirmed.*

Messrs. THOMAS, BRYANT & LEE and Mr. JAMES H. PERSHING, for appellants.

Messrs. CRANSTON, PITKIN & MOORE, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

Appellant Routt entered into a written contract with appellee, Dils, to furnish stone and other materials, and to do the stone work in the erection of a dwelling house, for the stipulated sum of $2,500.00, of which amount $1,000.00 was to be paid and was paid in advance; the balance to be paid from time to time as the work progressed.

To insure the performance of the contract, a bond was executed with Routt as principal, The National Surety Company as surety, and Dils as obligee.

The work was to be completed November 17th, and in default thereof Routt was to pay Dils $2.00 per day as liquidated damages.

November 17, 1900, the dwelling being far from completion, through the inability of Routt to secure the stone required by the contract, he proposed to Dils to substitute granite for the stone required by the contract, and with such material complete the dwelling.

November 19, 1900, the resident manager of the surety company was informed by Dils that Routt had failed to complete his contract within the stipulated time, and he was requested to notify the company of that fact, and also to submit to the company the proposed change in the stone to be used for its assent to such change, such assent being required by one of the provisions of the bond limiting the liability of the surety company. By letter dated November 21, 1900, the resident manager advised the home office of the surety company of Routt's failure to complete the contract within the stipulated time, and also of the proposed change in the contract, which letter was received at the home office of the company November 24, 1900. The company assented to the proposed change, and negotiations between Routt and Dils progressed towards a consummation of the change until December 1, 1900, when Routt abandoned the contract and notified Dils, who on the same day, by registered mail addressed to the surety company at its home office, notified the company of Routt's abandonment of the contract, and requested it, in accordance with the terms of the bond, to complete the contract. This notice was received at the home office of the company December 4, 1900. The company declined to complete the contract, repudiated any obligation upon its part under the bond, upon the ground that notice to it of Routt's abandonment of the contract came too late. January 5, 1901, appellee, as plaintiff, filed his complaint in the court below against appellants, wherein, by apt averments, he alleged a breach of the conditions of the bond, and laid his damages by reason thereof at the sum of $1,900.00.

The evidence introduced by appellee established the facts above set forth, and the further fact that the value of the work and materials furnished by

Routt under the contract amounted to $500.00 or $600.00. It also appeared from the testimony of appellee, that after the institution of this suit he adopted other plans and specifications and completed the dwelling upon the foundation erected by Routt.

Appellants introduced no evidence.

The court instructed the jury to return a verdict in favor of plaintiff, and against both of the defendants, and to assess plaintiff's damages in such sum as they should find from the evidence to be the difference between the sum of $1,000.00, the amount paid by Dils upon the contract, and the value of the work done by the defendant Routt upon the premises under the terms of his contract.

The verdict and judgment were for $500.00.

The argument of defendants is divided into two heads: 1st, the liability of Routt; 2nd, the liability of the surety company.

1. The argument as to the liability of Routt proceeds upon the erroneous assumption that the action is based upon an express contract between appellee and Routt to build a stone house, and seeks to recover damages by reason of the breach of such contract; that the evidence shows an abandonment by appellee of the contract alleged in the complaint, and the completion of the dwelling according to different plans and specifications; that by the instruction to the jury appellee was allowed to recover upon an implied promise by Routt to return to appellee whatever balance of the money may have been in his hands belonging to appellee when the contract was mutually abandoned by both parties, and it is insisted that under the pleadings and proof, no liability against Routt was established except possibly for nominal damages, from which it follows that if Routt is not liable the surety company is discharged.

The argument and numerous authorities cited

in support thereof, are disposed of by the simple statement that the action is not against Routt for breach of his contract to build a stone dwelling, but it is against both appellants, Routt as principal, and the surety company, as surety, upon a bond, the only difference between the liability of appellants arising by reason of certain conditions in the bond, usual in such instruments, limiting the liability of the surety.

It is true that appellee by pleading and proof undertook to recover the difference between what it would have cost to complete the dwelling according to the contract and the balance remaining unpaid the contractor, but the trial court correctly rejected this theory of the measure of damages, and limited the amount to be recovered by the instruction given to the jury.

2. As to the liability of the surety company, it is insisted that there was a failure upon the part of appellee to show such a compliance with the terms of the bond, as to the manner and time of giving notice of the default of Routt, as relieved the surety company of liability; that in any event the question was one for the jury to determine, and that there was error in arbitrarily instructing the jury to return a verdict against the surety company.

The conditions of the bond material to a decision of this branch of the argument are:

"Whereas, the above bounden principal has entered into a certain contract with the above named obligee, copy of which contract is hereto attached and hereby referred to and made a part hereof; and

"Whereas, by the terms of said contract, the above bounden principal covenants, undertakes and agrees, among other things, to perform certain labor, to furnish certain materials and to protect and save the obligee and the property in said contract mentioned and described, free, clear, and harmless of

and from all claims and liens on account of any such labor and material:

"Now, therefore, if the above bounden principal shall well and truly perform such labor and furnish such materials, and shall protect and save the obligee and the property in said contract mentioned and described, free, clear, and harmless of and from all claims and liens on account of any such labor and material, then this obligation shall be null and void; otherwise, to be and remain in full force and effect."

Then follow fifteen provisions limiting and defining the liability of the surety company, pertinent portions of which are as follows:

"3. If, at any time, the above named principal shall, in any manner, fail, neglect or refuse to keep, do or perform any matter or thing at the time and in the manner in said contract set forth and specified, to be by said principal kept, done or performed, the obligee shall immediately notify the company in writing by registered letter, prepaid, addressed to the company at its principal offices in the city of New York.

"4. If, at any time, it appears that the above named principal has abandoned the work, or will not be able or does not intend to carry out or perform the contract, the obligee shall immediately so notify the company in writing, by registered letter, prepaid, addressed to the company, at its principal offices in the city of New York.

"11. The failure, neglect or refusal of the obligee to keep, strictly observe and fully perform any matter or thing in this bond or in said contract stipulated and agreed to be done, kept or performed by the obligee at the time and in the manner specified, shall relieve the company from all liability under this bond.

"13.   Notice to an agent or other representative of the company shall not be considered as notice to the company,   *   *   *"

The contract which was made a part of the bond obligated Routt to perform all the work and provide all the materials mentioned in the plans and specifications necessary to complete the dwelling.

Appellants contend that before appellee would be entitled to recover on the bond it was incumbent upon him to show (a) that he had immediately notified the surety company that Routt would not be able to complete his contract as soon as he (appellee) had been able to perceive that fact, and (b) that he had immediately notified the surety company that Routt had failed to perform his contract.

The first proposition is untenable, for the reason that there is no condition in the bond which required appellee to anticipate the possible default of Routt and notify the company of such possibility.   Condition 3, above quoted and relied upon in support of this contention, required a notice of failure, neglect, or refusal to do or perform any matter or thing *at the time specified*.   The time specified for the completion of the contract was November 17.   A notice to the company prior to November 17 of an anticipated failure to complete the contract would have been premature.   Especially is this true in this case, as by the contract the parties had stipulated for liquidated damages for failure to complete the contract within the time specified, from which damages the company had protected itself, and Routt had thereby reserved to himself the right to complete the contract after November 17 by payment of the liquidated damages.   Furthermore, at the time the company received the first notice, November 24, Routt was asserting his intention to complete the

contract under the proposed modification, and continued so to do until December 1.

This brings us to a discussion of the question presented by appellants' second proposition under this head.

Under the contract Routt had all of Saturday, November 17, to complete his work; not until the last moment of that day had he failed or neglected to perform his contract so as to call for any notification under condition 4 above quoted. Monday, Dils informed the resident manager of the surety company of Routt's default, and requested him to notify the company, which the resident manager promised to do, and on the 21st the resident manager fulfilled his promise, by a letter to the company notifying it of Routt's default. This letter was received by the company at its home office November 24, and it was thereby fully informed of the default of Routt and afforded every opportunity to take such steps as it might deem necessary to protect its interests.

As to the manner of giving the above notice, it is said by appellants that, notice given by appellee to the resident manager of the surety company was not such notice to the company as was required by condition 4 of the bond above quoted, and that notice to an agent or other representative of the company was prohibited by condition 13 above quoted.

Appellee does not rely upon the notice given to the resident manager, except as the same was by him communicated to the company in writing, pursuant to his promise so to do, and insists that such notice, when communicated to the company by one who for that purpose had been made the agent or attorney of appellee, was a full compliance upon the part of appellee with the requirements of condition 4 above quoted.

In the case of *Beatty v. Lycoming Ins. Co.*, 68

Pa. St. 9, the action was upon a fire insurance policy which required the insured, in case of fire, to "forthwith give notice thereof to the secretary." The insured procured the local agent of the company to send notice to the secretary, and the court said:

"There is nothing to prevent the assured from constituting the agent of the company his attorney to give the notice, and if he does give the notice accordingly the company cannot object without a rule or condition prohibiting the agent from being employed for such purpose."

In *Loeb v. American Central Ins. Co.*, 99 Mo. 50, the syllabus is:

"A written notice of loss given to an insurance company by its local agent, adopted and relied on by the assured, is sufficient, even though it does not purport on its face to be given on behalf of the insured."

*Stimpson v. Monmouth, etc., Ins. Co.*, 47 Me. 379, was an action upon an insurance policy to recover a loss sustained by fire. The company defended upon the ground that no notice had been served as required by the policy and charter of the company. At page 386 the court said:

"By section 7 of the charter the insured 'shall, within sixty days next after such loss, give notice thereof in writing to the directors, or some one of them, or to the secretary of said company.' Davis may properly be regarded as the agent of the plaintiff *pro hac vice,* notwithstanding he was also the agent of the defendants. It is apparent that he undertook to act as such, and that the plaintiff relied upon him to do so, and he did so act and gave notice, and all the notice necessary to enable the defendants seasonably to look after their rights and to ascertain their duty and obligations in the premises. * * * Nor was it necessary that he should state in his letter

to them that he wrote at the request of the plaintiff."

Other authorities might be cited to the same effect.

That the notice given to the company through its resident manager and received by it November 24, 1900, under the circumstances of this case, met the requirements of the condition of the bond as to the time within which the same should be given, is the rule laid down by an authority cited by appellants.

"If the notice be required to be 'forthwith' or 'as soon as possible' or 'immediately,' it will meet the requirements if given with due diligence under the circumstances of the case and without unnecessary and unreasonable delay, of which the jury are ordinarily to be the judges. To give the notice a literal interpretation would in most cases strip the insured of all hope of indemnity, and policies of insurance would become practically engines of fraud." Citing a large number of authorities.—2 May on Insurance (3d ed.), § 462.

The court did not err in deciding as matter of law that the notice to the company was within a reasonable time under the facts of this case.

"Whether due diligence has been used in giving the notice is a question which is ordinarily left to the jury to be found from all the circumstances in the case. But where the facts and circumstances bearing upon the question of due diligence are not in dispute, it becomes a question of law for the court." —*Idem.*

In *Bennett v. Lycoming Ins. Co.*, 67 N. Y. 274, at page 277 the court said:

"The sole question was whether the notice was served in a reasonable time, and, the facts being undisputed, that was a question of law which the jury should have determined in favor of plaintiff."

In *Insurance Co. v. Hazen,* 110 Pa. St. 530, at page 535 the court said:

"What is a reasonable time, where the facts are ascertained, is ordinarily a question of law for the court to determine upon a consideration of all the circumstances; where, however, the facts are not clearly established, or where the question is dependent upon other controverted matters, it is, under proper instructions, for the jury."

The measure of damages adopted by the court in its instruction to the jury, being the difference between the amount paid by appellee to appellant Routt upon the contract price and the value of the improvements placed upon the property by Routt, was correct.

This rule finds support in *O'Driscoll v. Doyle,* 31 Colo. 193, an opinion written by the present Chief Justice.

There being no error in the record, the judgment will be affirmed.                     *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CASWELL concurring.