## No. 9396.

## AGNEW v. AGNEW.

1. PLEADINGS—*Effect of averments admitted.* Allegations of the complaint, admitted by the answer, are not to be controverted by either party.

2. HUSBAND AND WIFE—*Advancements by Wife,* for family expenses are not regarded as advancements to the husband, or as due from him to her, or as held in trust for her. Nor are contributions to a common fund, out of which expenses are paid.

3. TRUSTEE—*Mingling of trust funds.* The rule charging the trustee where he mingles trust funds with his own has no application.

4. *Trust—Evidence to establish.* An agreement or understanding between husband and wife cannot be shown by mere words. A writing is required.

*Error to Pueblo District Court, Hon. J. E. Rizer, Judge.*

*Department 2.*

Mr. S. S. PACKARD and JAMES A. PARK, for plaintiff in error.

Mr. M. G. SAUNDERS and Mr. E. F. CHAMBERS, for defendant in error.

Mr. JUSTICE DENISON delivered the opinion of the court.

THE plaintiff, Josephine D. Agnew, brought suit against her husband, Clarence Agnew, to enforce a resulting trust in a ranch in Pueblo County, which she alleged had been bought with their joint funds, but was in his name and possession.

The complaint alleged par. 1, "That the defendant and the plaintiff are and at all times hereinafter mentioned have been husband and wife, and the joint owners of the following real property" * * * (here follows description of a ranch,) "and certain chattel property,* * * "and that the same was acquired by and with moneys contributed by each of said parties * * *." These allegations were admitted by the answer.

The court found that all the property real and personal was bought with plaintiff's funds, and "That all of said property was purchased and acquired by defendant with moneys contributed and entrusted to him by plaintiff from her separate estate and earnings, and that said defendant now holds the title thereto in trust for said plaintiff," and decrees a conveyance by defendant to plaintiff of the whole of the said real estate. The decree proper does not dispose of the personal property except some water stock.

The above quoted allegations in the complaint having been admitted by defendant the finding that the whole of the real property was the property of plaintiff, was, of course, impossible. These statements have the force of judicial admissions and cannot be controverted by either party.

Wig. Ev. Secs. 1057, 1064, 1065, 2588, and cases there cited; 31 Cyc. 87; *Kutcher v. Love,* 19 Colo. 542, 546, 36 Pac. 152.

For this reason the case must be reversed; but we notice some other points for the guidance of the court upon new trial:

1. The plaintiff and defendant both testify that they had a joint purse. She says:

"I usually kept $25 for my expense money since we owned the ranch. If Mr. Agnew had the check cashed he gave me $25 for my expenses. If I had it cashed I kept it out and gave him the rest of my check to meet our general expenses, after we moved to the ranch, which was in March, 1916."

The court below apparently proceeded upon the theory that for this money which she contributed "to meet our general expenses" she was entitled to credit on the purchase of the ranch. We do not so understand the law. The advancements of the wife, out of her own funds, toward the family expense are not regarded as advancements to the husband, or as due from him to her, or held in trust for her, nor are contributions by her to a common fund out of which family and other expenses are paid and investments made so regarded.

2. The rule charging a trustee, who mingles trust funds with his own, as trustee of all the mingled funds, does not apply where two persons knowingly mingle their own funds, especially where the two are man and wife.

3. Any agreement or understanding between husband and wife to create a trust must be shown by written evidence. An oral agreement is not competent. *Kinley v. Kinley,* 37 Colo. 35, 86 Pac. 105, 119 Am. St. 261.

This, of course, does not refer to "resulting trusts" which result from proved facts apart from express contract. The cause should be reversed and remanded.

Reversed and remanded.

Garrigues, C. J., and Scott, J., concur.