EDWARD W. JOHNSON,

*vs.*

HOWARD E. JOHNSON, et al

Where a purchase of real estate is made, and the purchase money paid by a husband, and the conveyance is taken to his wife for the sole purpose known and assented to by her of providing a home for her in case she should survive him, with the mutual understanding between such husband and wife that in case he should survive her the title to the premises should vest in him, and should not descend to her heirs, although it was the intention of each to have had the proper instrument in writing to effect the purpose prepared and duly executed, no trust express or implied is created or results in favor of the husband, under the statutes of this state.

A complaint alleging the purchase of real estate, and payment of the purchase money therefor by a husband, and a conveyance to his wife in her own name ; that such conveyance was made for the sole and only purpose, and with the intention of providing a suitable home for her in case she should survive him, all of which was known to and understood by her at or immediately after the conveyance to her, and to which she fully assented ; that it was mutually understood by and between said husband and wife that in case the husband should survive the wife, the title to the premises should vest in the husband, and should not descend to the heirs of the wife ; that it was the intention of said husband and wife to have had prepared and

Johnson v. Johnson et al

duly executed the necessary and proper instrument in writing to effect the purpose aforesaid, but through their inadvertance and neglect, and the sudden and unexpected death of the wife, such instrument was not prepared, nor was any will or other instrument executed by the wife disposing of or in any way affecting the estate ; does not allege an agreement upon the part of the wife, the specific performance of which can be enforced by a court of equity.

Appeal by one of the defendants from an order of the district court for Goodhue county, overruling a demurrer to the complaint.

A statement of the allegations of the complaint is unnecessary, as the case is fully presented in the opinion of the court.

Phelps & Taber for Appellant.

J. C. McCluer for Respondent.

*By the Court*—McMillan, J.—On May 1st, 1866, plaintiff purchased of McLaren certain town lots, which McLaren on the same day, at plaintiff's request, conveyed to plaintiff's wife Caroline.

The purchase price (3,300) was paid by plaintiff with his own money.

Said Caroline died March 15th, 1869, leaving three children—the defendants—who as her heirs claim each one undivided third of said lots, subject to plaintiff's rights as tenant by the curtesy

The complaint alleges, that the conveyance was made to the wife for the sole purpose by her understood and assented to of providing a home for her in case she should survive her husband, and that it was always mutually understood between plaintiff and his wife, that in case he should sur-

vive her, the title to the premises should vest in him, and should not descend to her heirs; that it was the intention of said Caroline and the plaintiff to have had prepared and duly executed the necessary and proper instrument in writing to effect the purpose aforesaid, but that through inadvertance and neglect, and the sudden and unexpected decease of said Caroline, no writings were "prepared or executed, conveying or disposing of or in any way or manner affecting the said premises or any part thereof."

This state of facts does not give rise to any express trust in favor of the plaintiff, because there is no writing declaring the same; and there is no implied or resulting trust, because the statute declares that, "when a grant for a valuable consideration shall be made to one person, and the consideration therefor shall be paid by another, no use, or trust, shall result in favor of the person by whom such payment shall be made; but the title shall vest in the person named as the alienee in such conveyance, subject only to the provisions of the next section." *Pub. Stat.* (1858) *ch.* 32, § 7

The next section referred to has no bearing on this case, neither has section nine.

The statute is imperative, and too plain to require interpretation; upon the facts before stated it is decisive against the plaintiff.

The motive and purpose of the conveyance as alleged in the complaint are quite unimportant. *Wentworth vs. Wentworth,* 2 *Minn.* 283. *Sumner vs. Sawtelle,* 3 *Minn.* 309. *Durfee vs. Pavitt,* 14 *Minn.* 424. But plaintiff further alleges, that ever since said purchase he has been in quiet and peaceable possession of the premises in controversy, that since said purchase he has made valuable and permanent improvements thereon of the value of $807, that he

paid for such improvements with his own money, and that the same were made for the mutual benefit of himself and his wife, and "upon the mutual understanding aforesaid;" that ever since said purchase he has paid all taxes assessed upon said premises, with his own money, to the amount of $271.88, and that no part of the money expended for said improvements or taxes has ever been paid to him by any person.

He further alleges, that he "has held and remained in the possession of said premises, and made the said improvements, and paid the said taxes thereon, with the said mutual understanding that in case he survived the said Caroline, the title to the same, and the whole thereof, should vest in him, and that he caused the said deed of conveyance thereof to be made to and in the name of the said Caroline as aforesaid, with that understanding and agreement."

As the facts stated in the complaint do not create a trust in favor of the plaintiff, if he has any rights under the agreement between himself and his, wife, they must arise from a substantive agreement upon the part of the wife to convey or devise the premises to him, the specific performance of which can be enforced by a court of equity. If the complaint alleges any agreement in the premises, it must be embraced in the following portion of it.

"That the said conveyance of the said premises to the said Caroline P. Johnson 'was made, as aforesaid, for the sole and only purpose and with the intention of providing a suitable home for her in case she should survive said plaintiff as aforesaid, all of which was known to and understood by said Caroline at or immediately after the said conveyance to her as aforesaid, and to which she fully assented.

"That it was always mutually understood by and between

said Caroline and this plaintiff, that in case said plaintiff should survive her, the title to the said premises and the whole thereof, should vest in said plaintiff, and should not descend to the heirs of said Caroline.

"That it was the intention of said Caroline and this plaintiff to have had prepared and duly executed the necessary and proper instruments in writing to effect the purpose aforesaid, but that, through the inadvertance and neglect of said plaintiff and his said wife, and on account of the sudden and unexpected decease of said Caroline,   *   the said written instruments were not prepared or executed, nor was any will or any other instrument prepared or executed by the said Caroline, conveying, disposing of, or in any way or manner affecting the said premises or any part thereof."

There is an understanding alleged here, that in case the plaintiff should survive his wife, the title to the premises "should vest" in the plaintiff, and should not descend to the heirs of said Caroline, but there is no agreement that any act or thing is to be performed or done by the wife, by which that result is to be accomplished; and as this understanding is alleged in connection with the statement that the conveyance of the premises to her was made for the sole and only purpose, and with the intention of providing a suitable home for her in case she should survive the plaintiff, the conclusion reasonably to be drawn from the agreement is, that the parties supposed and intended that the conveyance to her under the circumstances alleged, created a trust in favor of the plaintiff, which could be enforced under their agreement, and through which the title would be vested in the plaintiff, upon the happening of the contingency mentioned in the agreement, which, as we have seen, was erroneous.

The fact alleged :  "That it was the intention of said

Caroline and this plaintiff to have had prepared and duly executed the necessary and proper instruments in writing to effect the purpose aforesaid," &c., so far as the construction of the agreement is concerned, is immaterial, since it is not alleged that the execution of any such instrument was a part of the agreement; the agreement to execute such instrument cannot be inferred from the fact that each party intended to have the instrument executed; the intention must be derived from the agreement to do the act.

The complaint, therefore, does not allege an agreement which a court of equity can enforce by a decree of specific performance; and the allegations of entry, possession and improvements under the contract, are immaterial.

Whether if an agreement by the wife to convey were alleged, the allegations that the plaintiff entered into possession, and made valuable improvements, &c., (the agreement being by parol) would, in view of other facts alleged, and the presumptions of law therefrom, show that the entry and possession of the plaintiff, and the improvements made, were under and in pursuance of the alleged contract of the wife, so as to authorize a specific performance of the contract, is a question upon which we do not deem it necessary to express an opinion.

The order overruling the demurrer is reversed.