# GEORGE W. BICKFORD

v.

# ESTATE OF ELECTA BICKFORD.

MAY TERM, 1896.

*Probate court may execute trust.   Trust by implication of
law.   Husband and wife.*

1.  The probate court may, under V. S., s. 2494, grant an administrator license to convey real estate held by the deceased in trust arising by implication of law, and may hear and determine the facts necessary to show whether such a trust existed.

2.  If a husband pays the purchase price of real estate, and causes the same to be deeded to his wife under a mutual understanding that she shall hold the legal title in trust for him, a trust results by implication of law, for the presumption that the transaction was intended as a gift to the wife is rebutted by the fact of the understanding.

Appeal from a decree of the probate court dismissing a petition for license to sell real estate.   The petitionee filed a motion to dismiss in the county court.   Heard upon such motion at the December term, 1895, Bennington county, MUNSON, J., presiding.   Motion sustained and petition dismissed.   The petitioner excepts.

*Batchelder & Bates* for the petitioner.

When real estate is purchased and paid for by one person and the conveyance taken to another, a trust results in the latter by implication of law.   *Williams, Adm.,* v. *Wager,*

64 Vt. 326; *Livermore* v. *Aldrich*, 5 Cush. 431; *Barron* v. *Barron*, 24 Vt. 375; *Clark* v. *Clark*, 43 Vt. 685; *Hayward* v. *Cain*, 110 Mass. 273; *Shaw* v. *Spencer*, 100 Mass. 382.

If there is any legal presumption of a gift when the purchase is by the husband and the conveyance to the wife, that may be rebutted by showing the fact otherwise. *Whitten* v. *Whitten*, 3 Cush. 191; *Perkins et al.* v. *Nichols*, 11 Allen 542; *Edgerly* v. *Edgerly*, 16 Browne 175.

The probate court has the power to execute the trust, for the statute gives it. V. S., s., 2494; *Brown* v. *Estate of Sumner*, 31 Vt. 671; *Hendrick* v. *Cleveland*, 2 Vt. 329.

*C. H. Darling* for the petitionee.

The petitioner is in reality seeking to establish a trust. For this he must resort to equity. *Walston* v. *Smith*, 67 Vt. 542; *Adm. of Leonard* v. *Exr. of Leonard*, 67 Vt. 318; *Bailey* v. *Bailey*, 67 Vt. 494.

START, J.  The petitioner preferred his petition to the probate court for the district of Bennington, setting forth, that Electa Bickford, at the time of her decease, held the legal title to certain real estate in trust for him; that the trust is not expressed in the deeds conveying said real estate, but rests wholly in implication of law, and in oral evidence; and praying that the court decree the execution of the trust, and grant license to the administrator to convey said real estate to him.  The probate court, and the county court, on motion, dismissed the petition; and the only question presented for consideration is, whether the probate court had jurisdiction to grant the relief prayed for.

The petitioner relies upon s. 2494 of the Vermont Statutes, which reads as follows:

" Where a deceased person in his life time held lands in trust for another person, or lands have passed under a de-

cree of foreclosure or sale on execution to such deceased person, or to his executor or administrator, on a debt in the name of such deceased person, but being in fact the debt of some other person and not belonging to the estate of the deceased, the probate court may, after notice given as required in the preceding section, grant license to the executor or administrator, to deed such lands to the person, his executor or administrator, for whose use and benefit they are holden ; and the probate court may decree the execution of such trust, whether created by deed or by law."

The petition negates a trust by deed, and it becomes important to consider what trusts, under our statute, are created by law. V. S., s. 2219, provides, that no trust concerning lands, excepting such as may arise or result by implication of law, shall be created or declared, unless by an instrument in writing, signed by the party creating or declaring the same, or by his attorney. If we give effect to this statute, there can be no trust in real estate, except such as arises or results by implication of law, or is created by an instrument in writing, signed by the party creating or declaring it, or by his attorney. Therefore, no trust is created by law, except such as arises or results by implication of law ; and, to give effect to the statute giving probate courts jurisdiction of trusts in land by law it must be held that trusts created by law are trusts that arise or result by implication of law. We think it was intended that probate courts should have jurisdiction over trusts in real estate arising or resulting by implication of law, to the extent of granting license to executors and administrators to convey the same. Any other construction of the statute would render that part of it relating to trusts created by law meaningless. All trusts in real estate, not created by an instrument in writing, arise or result by implication of law. When the facts are found in a given case, the law implies or does not imply a trust. We, therefore, hold that the probate court had jurisdiction to find the facts, and under what circumstances and conditions the conveyances were

made; and, if the law implied a trust from the facts and circumstances found, then a trust was created by law.

In order to give the court jurisdiction, it was necessary for the petitioner to show by his petition that one, at least, of the conveyances, was made under circumstances from which the law will imply a trust. We think that the petitioner shows by his petition a resulting trust in respect to the piece of land first conveyed. He purchased this of Rollin Smith, paid the full purchase price thereof, and caused it to be conveyed to his wife, with her consent, solely that she might hold the legal title in trust for him. When a husband purchases real estate, pays the consideration thereof and has it conveyed to his wife, the law presumes the payment a gift to the wife; but this presumption may be rebutted by evidence that there was a mutual understanding between them, and that it was their intention and purpose that the wife should take the conveyance and hold the title, not as the title of her own property, but as the title to the property of the husband. If this presumption is overcome, a trust exists in favor of the husband, notwithstanding the statute of frauds above cited, *Wallace* v. *Bowen*, 28 Vt. 638; *Bent* v. *Bent*, 44 Vt. 555. The petitioner, by his petition, rebuts this presumption. It, therefore, appears that the court has jurisdiction to grant the relief prayed for, in respect to the piece of land first conveyed. The court having jurisdiction in respect to this piece of land, it is not necessary, for the purposes of the jurisdictional question raised, to consider the allegations of the petition respecting the piece of land last conveyed; and, as counsel have not discussed the question of whether the petition shows that this was conveyed under circumstances from which the law will imply a trust, we express no opinion in regard to this conveyance.

*Judgment reversed and cause remanded.*

Taft, J., being engaged in county court, did not sit.