[Tillman v. Murrell, *et al.*]

# Tillman *v.* Murrell, *et al.*

120   239|
142   412|

*Bill in Equity to enforce Lien of Registered Judgment.*

1. *Trusts and trustees*; *resulting trust may be established by parol evidence* —A resulting trust arising in favor of one paying the consideration of the purchase of lands by another under a contract for a conveyance, is not within the statutes against parol trusts in lands, and may be established by parol evidence.

2. *Same*; *when resulting trust established in land redeemed from under a mortgage*; *rights of creditors of mortgagor.*—Where money to redeem lands sold under a power in a mortgage is furnished to the mortgagor by a third person, under a parol agreement that upon redemption the lands should be conveyed to the person furnishing the money, a resulting trust is created in favor of such third person, and after such redemption the mortgagor holds the legal title in trust for said third person and has no beneficial interest that can be reached and subjected by his creditors.

APPEAL from the Chancery Court of Russell.

Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed by the appellant, William L. Tillman, against David J. Murrell and his wife, S. J. Murrell, and W. W. Maples and C. T. May; and sought to enforce upon certain described lands the lien of a registered judgment recovered by the complainant against David J. Murrell, and to have cancelled as a cloud on the title a conveyance from said Murrell to the defendants, Maples and May.

On April 23, 1885, W. L. Tillman obtained a judgment in the circuit court of Russell county against D. J. Murrell. Several executions were issued on this judgment, all of which were returned, "No property found." On November 14, 1887, said Tillman filed and had recorded in the office of the judge of probate of said county a certificate of said judgment in the form prescribed by law. On January 29, 1896, W. L. Tillman filed the bill in this case in the chancery court to have certain lands claimed by W. W. Maples and C. T. May declared subject to the satisfaction of his judgment lien. The bill

avers that Murrell, at the time of the registration of said judgment, owned 320 acres of land in Russell county, which is fully described in the bill; that 160 acres of this land had been set apart by Murrell as exempt to him as a homestead; that the remaining 160 acres was subject to the satisfaction of the complainant's judgment. It was then averred that D. J. Murrell, on January 20, 1892, sold the 160 acres, not set apart as a homestead, to the defendants W. W. Maples and C. T. May, all the parties having knowledge that said land was subject to the satisfaction of complainant's judgment. The prayer of the bill was that the chancellor decree a sale of the lands described in the bill not set aside as exempt, and that so much of the proceeds as necessary be applied to the payment of the complainant's demand. The defendants answered the bill, setting up in their answer facts to show that the lands were not subject to the judgment lien of complainant. It was shown by the evidence that on February 1, 1887, D. J. Murrell and wife executed a mortgage to the New England Mortgage Security Company to secure a loan of money. There was default in the payment of the debt, and the lands were sold under the power contained in the mortgage, at which sale the mortgagee became the purchaser. The sale was made July 6, 1891. After the sale, D. J. Murrell applied to W. W. Maples and C. T. May for a loan to be used in redeeming the lands. Maples and May furnished the money necessary, upon a parol agreement between them and Murrell that, when the lands had been redeemed from the mortgage company, Murrell should convey to said Maples and May 160 acres of the land, and execute a mortgage on the remaining 160 acres to secure the money furnished. Murrell redeemed the land and on January 20, 1892, executed to Maples and May a deed to 160 acres, and gave a mortgage on the remaining 160 acres, in accordance with the parol agreement formerly made by the parties. The mortgage was given on the 160 acres which had been set apart by Murrell as a homestead. On the final submission of the cause on the pleadings and proof, the chancellor decreed that the complainant was not entitled to

[Tillman v. Murrell, *et al.*]

the relief prayed for, and ordered the bill dismissed. From this decree the present appeal is prosecutcd by the complainant, who assigns the rendition thereof as error.

W. J. BOYKIN, for appellant.—Complainant's lien was enforceable in equity.—*Enslen v. Wheeler*, 98 Ala. 200. On redemption, complainant's lien attached.—*Lehman, Durr & Co. v. Moore*, 93 Ala. 186; *Powers v. Andrews*, 84 Ala. 289; Code of 1886, § § 1881, 2892; *Enslen v. Wheeler, supra*.

SMITH & HENRY, *contra*.—Under the admitted facts a resulting trust was created in favor of May and Maples. Murrell by redemption acquired a naked legal title not subject to execution. He was merely a conduit of the title from the mortgage company to May and Maples. *Robinson v. Robinson*, 44 Ala. 227; *Glenn v. Glenn*, 47 Ala. 204; 3 Brick. Dig., 785, § 47. Resulting trusts are specially exempted from the statute of frauds.—*Lehman v. Lewis*, 62 Ala. 129.

McCLELLAN, J.—On the uncontroverted facts of this case, Murrell, upon the redemption by him of the land in controversy from the loan company, with money furnished by Maples and May under a parol contract to convey the same to said Maples and May, held the legal title in trust for the latter, not by virtue of the parol agreement but because of their having paid the consideration for the purchase by Murrell for them, and was a mere conduit thereof from the company to them. The trust resulted by operation of law, and its existence left no beneficial interest in Murrell which could be reached and subjected by his creditors. Such estates are not within the statutes against parol trusts in land, and may be established by parol evidence.

The decree of the chancellor is in consonance with these views, and it will be affirmed.

Affirmed.