AUGUST ZELLMER *et al.* v. JOHN KOCH.

**No. 169.**   (58 Pac. 1012.)

REAL ESTATE — *Resulting   Trust — Action   for   Conveyance.*   K. bought a quarter-section of land and went into the possession thereof, and has ever since continued in the sole and undisturbed possession of the same.   At the time of said purchase the land was deeded to Z. who was to hold the legal title thereto until K. paid a certain mortgage thereon, which he had assumed as a part of the purchase-price, and afterward paid.   *Held,* that, under the facts of this case, an enforceable trust resulted in favor of K., and a decree directing Z. to convey to him will not be disturbed.

Error from Norton district court; A. C. T. GEIGER, judge.   Opinion filed October 10, 1899.   Affirmed.

*John R. Hamilton,* for plaintiffs in error.

*C. D. Jones,* for defendant in error.

The opinion of the court was delivered by

WELLS, J.:   This action was brought in the district court of Norton county by the defendant in error against the plaintiffs in error to compel the conveyance of a quarter-section of land in said county alleged to have been bought by the defendant in error of one Manassa Kline, and by said Kline deeded to the plaintiff in error August Zellmer, in trust for the defendant in error.   The court made findings of fact and conclusions of law as follows :

"1.   That about June 25, 1890, Manassa Kline was the owner of the northwest quarter of section 21, in township 3 south, of range 21 west, in Norton county, Kansas, unencumbered, except by a mortgage of $500.

"2.   That on or shortly prior to June 25, 1890, for a valuable consideration, to wit, sixty dollars, and the assumption of the mortgage thereon, plaintiff herein became by purchase the owner of said premises above

mentioned, and was by the said Kline, in the presence of and without objection or protest from defendant Zellmer, placed in the possession of the said premises, and has ever since remained in the sole, uninterrupted and (until a short time prior to the filing of this suit) undisputed possession thereof; resided upon, tilled the same; kept up and made improvements thereon; exercised control over and managed the same; received, unquestioned, the rents and profits of the said premises; paid the taxes thereon year by year, except a portion of last year's taxes; also, paid the interest upon the mortgage thereon as the same fell due, and in time, and prior to the filing of this suit, paid to the defendant Zellmer the principal of the said mortgage, with which the said Zellmer was to discharge the mortgage upon the said premises.

"3. That on the said June 25, 1890, a deed of general warranty was by said Kline and his wife executed and delivered to the defendant herein, August Zellmer, for the expressed consideration of $1000, but, as a fact, no actual consideration therefor, the said deed being for the premises in suit.

"4. That at the time of making such deed by Kline to Zellmer it was understood that the same should so stand till the mortgage upon the said premises should be paid off by the plaintiff herein.

"5. That after the payment of said mortgage to the defendant, about August, 1897, plaintiff herein, being in sole possession of the said premises, demanded that the same be conveyed to him by defendants, who refused so to do.

"6. That the defendants Zellmer, or either of them, at no time asked or claimed the rents from the plaintiff, exercised any control over said premises, or questioned this plaintiff's possession.

"7. That at all times since, and for some time prior to, June, 1890, the defendants Zellmer have resided in the vicinity of the land in dispute.

"8. That the acts, words and statements of defendant to others made, conduct of the parties one towards the other relative thereto, also agreements made concerning the said land and the sale thereof, with all the

attendant circumstances, would create and imply the trust relation between the plaintiff and defendant with reference to the holding of said land.

## "CONCLUSIONS OF LAW.

"1. That the plaintiff is the equitable owner of the premises involved in this suit, and is entitled to the legal title thereof.

"2. That the defendants Zellmer are holding the legal title to the said premises in trust for this plaintiff, and therefore are his trustees.

"3. That the defendants are therefore required, within sixty days from this day, to transfer the legal title to the said premises, by good and sufficient deed of conveyance, to the plaintiff herein; failing to do which, this judgment shall operate as such conveyance."

There are ten allegations of error in plaintiffs in error's brief. The first and second allegations challenge the sufficiency of the amended petition, upon which the case was tried. The third and fourth relate to evidence admitted and excluded, and are not insisted on or argued. Nor are the rules of this court in relation thereto complied with. They will require no further mention. The fifth allegation is upon the demurrer to the evidence.

All of the material questions involved in the case may be thus stated: Does the amended petition state a cause of action? Was there evidence sufficient to sustain the allegations of the petition? Are the findings of fact justified by the evidence, and are the conclusions of law correctly drawn therefrom? This action was not brought upon a contract for the sale of lands, nor do we think it was to compel the execution of an expressed trust, but it was brought to declare and enforce an implied or resulting trust. Under the law in relation to constructive, implied or resulting trusts, as declared in *Rayl v. Rayl*, 58 Kan. 585,

Moore v. The State.

50 Pac. 501, we think the amended petition stated a good cause of action.   There was sufficient evidence to justify the findings of fact, and the conclusions of law are correctly drawn therefrom.

The judgment of the district court is affirmed.