BINKOWSKI et al. v. MOSKIEWITZ et al.

(Supreme Court, Appellate Division, First Department. April 7, 1911.)

1. TRUSTS (§ 80*)—RESULTING TRUSTS—ESTABLISHMENT.

The purpose of one paying the consideration for real estate and taking the conveyance thereto in the name of a third person to place the property beyond the reach of future creditors does not of itself afford ground for invoking the jurisdiction of equity to construct a trust.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 113, 114; Dec. Dig. § 80.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. TRUSTS (§ 81*)—CONSTRUCTIVE TRUSTS—ESTABLISHMENT.

That the grantee in a deed is the wife of the person paying the consid-eration does not alone justify the heirs of the latter in invoking the doctrine of constructive trust.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 115–118; Dec. Dig. § 81.*]

3. TRUSTS (§§ 17, 18, 96*)—ORAL TRUSTS—VALIDITY.

An oral agreement by a grantee in a deed of real estate purchased by another furnishing the price to receive and hold the legal title in trust for the latter is void, and a breach thereof is not such fraud as justifies a resort to equity to establish a constructive trust.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 15–24, 148; Dec. Dig. §§ 17, 18, 96.*]

4. PLEADING (§ 8*)—CONCLUSIONS—CONSTRUCTIVE TRUSTS—ESTABLISHMENT.

A complaint in a suit to establish a trust in real estate which shows that the deceased ancestor of plaintiffs paid the price of real estate conveyed to defendant, his wife, that defendant had knowledge of the facts connected with the purchase, including the purpose of the ancestor to place the property beyond the reach of future creditors, and that she received the title to "hold the same in trust for" the ancestor, does not show facts justifying a resulting trust; the quoted phrase being a mere legal conclusion, and not justifying an inference of an agreement by defendant to hold the legal title.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½; Dec. Dig. § 8.*]

Appeal from Special Term, New York County.

Action by Rosalie Binkowski and others against Regina Moskiewitz and others. From an order denying a motion for judgment on the pleadings, defendant named appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Samuel J. Rawak, for appellant.
Arthur Garfield Hays, for respondents.

MILLER, J. The plaintiffs, certain heirs at law of Max Moskiewitz, deceased, allege that he purchased certain premises and paid the consideration therefor, taking title in the name of his wife, the defendant Regina Moskiewitz, for the purpose of placing them beyond the reach of future creditors, and thereafter died leaving sufficient personal property to pay all of his debts. The prayer for relief is that it be decreed that the said defendant held the property in trust for the said Max Moskiewitz and that she still holds it in trust for his heirs at law. The respondents do not contend that a trust resulted to the said Max Moskiewitz from the mere fact of the payment of the consideration by him. See Real Property Law (Consol. Laws 1909, c. 50) § 94.

[1] Even assuming that the person paying the consideration is not chargeable with an intent to hinder, delay or defraud creditors when he takes a conveyance in the name of a third party for the purpose of placing the property beyond the reach of future creditors (see McCartney v. Titsworth, 119 App. Div. 547, 104 N. Y. Supp. 45), still such a purpose does not of itself afford ground for invoking the reme-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

dial jurisdiction of equity. No fact is alleged in the complaint to bring this case within the line of cases in which equity has constructed trusts for the purpose of preventing the consummation of a fraud by one occupying a position of peculiar trust and confidence.

[2] The fact that the grantee named in the deed was the wife of the person paying the consideration does not alone justify the plaintiffs in invoking the doctrine of constructive trusts.

It is claimed, however, that the complaint is broad enough to justify the inference that the said defendant agreed to receive and hold the legal title in trust for her said husband.

[3] Of course, such an agreement would be void unless in writing and the breach of a void agreement is not the kind of fraud which will justify resort to equity, but that question is not presented by the pleadings. We do not think, however, that such an agreement is pleaded.

[4] It is to be found if at all in the eighth paragraph, which is as follows:

"That the defendant Regina Moskiewitz had full knowledge of all of the facts connected with the purchase of the said property and consented and did receive the title thereto, and held the same in trust for the said Max Moskiewitz, deceased."

From that it is to be inferred that the said defendant had knowledge of her husband's purpose in taking the conveyance in her name, and that she consented to and did receive the legal title with that knowledge. It does not follow from that, that she agreed to hold the legal title in trust for her husband. The statement that she "held the same in trust for the said Max Moskiewitz, deceased," is but the statement of a legal conclusion, and does not justify the inference that she agreed thus to hold the legal title. We have then the bare fact that the said defendant's husband, with her knowledge and consent, paid the consideration and procured the title to be taken in her name, for the purpose of placing the property beyond the reach of future creditors. No trust results from such a transaction, and certainly equity will not construct one. See Fagan v. McDonnell, 115 App. Div. 90, 100 N. Y. Supp. 641, affirmed 191 N. Y. 515, 84 N. E. 1112, and cases cited.

The order should be reversed, with $10 cost and disbursements, and the motion granted, with $10 costs. All concur.