HENRY MULLONG, Appellant, v. LILLIE SCHNEIDER and others, Appellees.

**Trusts:** PLEADING: SUFFICIENCY. A pleading alleging that plaintiff being the owner in fee conveyed the property by deed to his wife, pursuant to an oral agreement on her part to hold the same in trust, pleads an express trust and is not provable except by a writing duly executed.

**Same:** COVEYANCE TO WIFE: GIFTS. The rule that where one purchases property with his own money and takes the title in the name of another the latter is held to be a trustee of the title for the benefit of the former, does not obtain where the holder of such title is the wife of the purchaser; but in such cases the transaction is presumed to be in the nature of a gift.

**Same.** Where the allegations of a petition assert no more than a trust by virtue of an oral agreement there can be no recovery upon the theory of an implied or a resulting trust.

**Same:** EXPRESS TRUSTS. An instrument executed jointly by a husband and wife not purporting to create any present or subsisting interest of either in the property or estate of the other, but does attempt to create an interest in the survivor upon the death of the other and which is ineffectual as a will because not properly attested, will not be given effect either as a declaration or an acknowledgment of a trust.

*Appeal from Plymouth District Court.*—HON. WM. HUTCHINSON, Judge.

TUESDAY, MARCH 5, 1912.

ACTION in equity to establish a trust in real estate. Demurrer to petition sustained and plaintiff appeals.—*Affirmed*.

*Kass Bros.* and *P. Farrell,* for appellant.

*Zink & Roseberry,* for appellee.

Weaver, J.—The plaintiff alleges that in the year 1880, being the owner in fee of a certain eighty acres of land in Plymouth county, Iowa, he conveyed the same by deed to his wife, Margaret Mullong, pursuant to an oral agreement on her part to hold the same in trust for him; that in the following year he purchased an additional tract of one hundred and sixty acres, paying therefor with his own money, and caused the conveyance to be made to his said wife under a like agreement on her part to hold the same in trust for his benefit; and that in the year 1901 he purchased certain other property in the city of Le Mars, Iowa, taking the title thereto in the name of his said wife upon like trust. He further alleges that on March 4, 1889, he entered into a written agreement with his said wife to evidence the trusts aforesaid in the following words: "In the Name of God, Amen! We, the undersigned, Henry Mullong and Margaret Mullong *nee* Polfer, husband and wife, at present of sound mind but of failing health, lay down our last will and testament, that all the property, real and personal we now or may hereafter accumulate, shall at the death of either of us, become the sole property of the surviving party, who shall assume all debts and liabilities of the party deceased. In testimony whereof we both sign our names this fourth day of March, 1889, Henry Mullong. Margaret Mullong. Signed in presence of J. P. Kieffer, Justice of the Peace and Notary Public." He further alleges that in February, 1909, the said Margaret Mullong died without having reconveyed to him the said property or any part thereof, but left a will by which, contrary to the terms of said trust agreement, she devised or attempted to devise all said lands to her children subject only to the plaintiff's statutory share therein; that said devisees are

now asserting or claiming an interest in said lands adverse to the plaintiff, and he therefore asks that his title be quieted against such claims. In a second count of the petition plaintiff pleads substantially the same cause of action, but sets out more particularly the facts as to the source of his alleged title to the lands and their use, improvement and occupancy by him during all the period from the time of their acquirement until the beginning of this action. To this petition the defendants demurred generally on the ground that it does not state facts which entitle plaintiff to the relief demanded, and specifically (1) that the alleged trust is not declared in writing executed as required by the statute; and (2) that the alleged writing set forth in the petition is not a trust agreement, but is testamentary in form, though not constituting a valid will. The demurrer was sustained by the trial court, and, plaintiff electing to stand on his pleading and refusing further to amend, the petition was dismissed, and he appeals.

I. Appellant's first proposition is that the facts stated in his petition do not present for our consideration an express trust such as our statute provides must be proved and established by a written instrument executed in the manner required for deeds of conveyance, but that the facts as pleaded are sufficient to impress the title in the hands of the wife and of her devisees with an implied or resulting trust in his favor. In our opinion this position can not be sustained. In the first place, taking the allegations of the petition, not including the written contract so called, and it will be seen that plaintiff in so many words grounds his claim upon an alleged express oral agreement of the wife to take and hold the title in trust for him. Such a trust is certainly not one which arises by operation of law and under the statute is not provable except by writing duly executed. Code, section 2918.

1. TRUSTS: pleading: sufficiency.

If there was in fact a contract or agreement of any

kind, reference must be had to its terms to ascertain the nature and extent of the rights of parties thereto.   If there was no express agreement which can be established in the manner required by law, then plaintiff must succeed, if at all, by pleading and proving facts giving rise to a resulting trust.   Has he done this? We think not. It is true that, generally speaking, where one person purchases and pays for land with his own money and causes the conveyance to be made to another the latter will be held as a trustee of the title for the benefit of the former.   But the presumption which underlies this doctrine does not arise where the person to whom the conveyance is made stands in the relation of wife to the purchaser.   In such case the conveyance is presumed to be in the nature of a gift.   *Andrews v. Oxley,* 38 Iowa, 578; *Hoon v. Hoon,* 126 Iowa, 391.   The fact that plaintiff remained in possession and use of the land does not in any manner lessen the weight or effect of this presumption, for, as husband and head of the family, it was the natural thing for him to do, and his labor and service thereon will be presumed to be in furtherance of the same purpose which prompted the original gift.

*2. SAME: conveyance to wife: gifts.*

Giving the plaintiff's allegations their most favorable construction in support of his claim, it must be said that they do no more that assert a trust by virtue of an oral agreement, and it is well settled that, where such an agreement is shown, there can be no recovery upon the theory of an implied or resulting trust. *Dunn v. Zwilling,* 94 Iowa, 233; *Byers v. McEniry,* 117 Iowa, 499.

*3. SAME.*

II.   The plaintiff next argues that the writing herein before quoted constitutes a contract between the husband and wife, and is in effect a written acknowledgment of the trust character of the wife's title, and therefore fills the requirement of the statute as to express trusts.   But the instrument is not open to that

*4. SAME: express trusts.*

construction. It is too clear for argument that it is neither a declaration nor an acknowledgment of a trust. The parties themselves declare it to be their "last will and testament." It does not purport or profess to create or recognize the existence of any present or subsisting interest of either in the property or estate held by the other. On the contrary, the interest which it does attempt to create is one which is to have its inception only at the decease of the first to die. Only for the failure to have it attested by witnesses as provided by law, it would constitute a perfectly valid and sufficient mutual or reciprocal will under which, if not revoked, plaintiff would have succeeded to the entire estate of his wife (see *Baker v. Syfritt*, 147 Iowa, 54, and cases there cited), and we find nothing whatever in said writing by which failing as a will it can be supported and enforced as a contract. It does not come within the rule of the *Baker* case as counsel seem to think. There we had to deal with a valid mutual will in which the parties expressly acknowledged that the property held by them in apparent severalty did in fact belong to them in common, share and share alike, and the question there considered was whether under the language of the will and the circumstances of its execution it was competent for the surviving husband, after the wife's death, to revoke such will to the injury of the devisees or by a subsequent marriage to endow his second wife with any interest in the property. Here we have no valid will, no acknowledgment that either holds title to any property for the benefit of the other. There is nothing upon the face of the paper to take it out of the category of wills in general which fail to become effective because of fatal defects of execution. It is not an agreement to make a will which if made upon sufficient consideration equity will sometimes enforce.

In short, to make this instrument the basis of any right, legal or equitable, would necessitate indulgence by the court in presumptions and inferences partaking so largely

of mere conjecture as to work practical abandonment of all well-settled canons of construction.

The demurrer to the petition was properly sustained, and the judgment below is *affirmed*.