## JACKSON *v.* JACKSON.

1. Where a husband pays the purchase-money of land from his own funds and has the land conveyed to his wife, the presumption which the law raises is that the husband intended to make a gift to his wife; but the presumption is a rebuttable one, and a resulting trust in favor of the husband may be shown. · Parol evidence of the nature of the transaction, or the circumstances, or the conduct of the parties, is admissible to rebut the presumption of a gift; but in order to rebut the presumption of a gift the proof must be clear and convincing. The trust, which arises in such a case from the facts and the nature of the transaction, is not destroyed by the express verbal, and therefore unenforceable, agreement of the wife to hold the title for the use of the husband.

2. The amendments to the plea of the general issue, disallowed by the court, set out a valid defense to the action, and the judgment of the court disallowing the amendments and subsequently directing a verdict for the plaintiff upon the prima facie case made was error.

No. 1747. SEPTEMBER 28, 1920.

Ejectment. Before Judge Park. Jones superior court. October 22, 1919.

Amelia Jackson brought ejectment against George Jackson, for the recovery of a certain tract of land in Jones county. The defendant filed a plea of the general issue. On the trial of the case a deed from Ben L. Jones to the plaintiff, conveying the tract of land in dispute, was introduced in evidence. The deed, executed on April 10, and recorded April 13, 1899, recited a consideration of $175. The defendant tendered two amendments to his plea. In substance he alleged that the defendant and plaintiff were husband and wife and were living together as such at the time of the execution of the deed in 1899. The defendant purchased the land from the grantor in the deed with his own funds, and

caused the title to be made to his wife, without request or solicitation from the wife, not for the purpose of defrauding his creditors, but for the convenience of the defendant. The plaintiff knew that the defendant did not intend to make a gift to her, and, prior to and at the date of the conveyance, understood that she was to hold the title for the use of the defendant and to make such conveyance to him as he might desire. The deed was physically delivered to the defendant, and he has had the actual possession of the same since the date of its execution. He has exercised acts of ownership over the land, controlling it as his own property, paying all taxes, and making valuable improvements thereon. For nearly twenty years the plaintiff recognized the defendant's equitable title to the land, and did not assert claim thereto until the separation of husband and wife, which occurred some time prior to the filing of the suit. The amendments were disallowed, and a verdict for the plaintiff was directed. The defendant excepted, assigning error upon the judgment disallowing the amendments.

*F. Holmes Johnson, Willard W. Burgess,* and *W. A. McClellan,* for plaintiff in error.

*Miller & Garrett,* contra.

GEORGE, J. (After stating the foregoing facts.) The doctrine of a resulting trust in favor of a third person paying the purchase-money of an estate is declared in Anon. (1683), 2 Vent. 361 (entitled Bird *v.* Blosse, 1 Vern. 366), as follows: "Where a man buys land in another's name and pays money, it will be in trust for him that pays the money, though no deed declaring the trust, for the Statute of 29 Car. 2, called the Statute of Frauds, doth not extend to trusts raised by operation of law." In Dyer *v.* Dyer, 2 Cox, 92, 93, 1 White and Tudor's Lead. Cas. Eq. 203, Lord Chief Baron Eyre thus explained the doctrine: "The clear result of all the cases, without a single exception, is that the trust of a legal estate, whether freehold, copyhold, or leasehold; whether taken in the names of the purchaser and others jointly, or in the name of others without that of the purchaser; whether in one name or several; whether jointly or successive, — results to the man who advances the purchase-money. This is a general proposition, supported by all the cases, and there is nothing to contradict it; and it goes on a strict analogy to the rule of the common law, that, where a feoffment is made without consideration, the use

35

results to the feoffor." In the days of uses title to the bulk of land in England was not in the owners, but in feoffees to the use of the owners. It was therefore, to the judicial mind, natural and logical to presume that one who received a conveyance from the seller, by direction of the payer of the purchase-money, was to hold in trust for the buyer or payer. After the statute of frauds (cf. Civil Code of 1910, § 3737) the courts continued to raise the presumption as a presumption of fact. Where A pays the purchase-money and the title is conveyed by absolute deed to B, who is legally a stranger to A, and who makes no express promise, a typical instance of a resulting trust is presented. The trust is said to result in law from the acts of the parties. Lloyd v. Spillet, 2 Atk. 148, 150; 1 Perry on Trusts (6th ed.), c. 5, § 124; 1 Beach on Trusts, c. 10. Such a trust is implied in fact. Strictly speaking, as we shall presently see, it may be and is an intended trust; but the intention is inferable, as has been said, from the conduct of the parties and lack of family relationship. Where A pays the purchase-money and the title is conveyed by absolute deed to A's wife or child or a person to whom A stands in loco parentis, and who makes no express promise, a trust does not result, the presumption of law being that a provision, advancement, or gift, was intended. In Dyer v. Dyer, supra, it was said by Lord Chief Baron Eyre: " The circumstance of one or more of the nominees being a child or children of the purchaser, is held to operate by rebutting the resulting trust; and it has been determined in so many cases that the nominee being a child shall have such operation as a circumstance of evidence, that it would be disturbing landmarks if we suffered either of these propositions to be called into question: — namely, that such circumstances shall rebut the resulting trust; and, that it shall do so as a circumstance of evidence. I think it would have been a more simple doctrine if the children had been considered as purchasers for valuable consideration." See Lewin on Law of Trusts (12th ed. 1911), 191; 1 Perry on Trusts (6th ed.), § 143. Our code classifies trusts as " either express or implied." Civil Code, § 3731. " Express trusts are those created and manifested by agreement of the parties. Implied trusts are such as are inferred by law from the nature of the transaction or the conduct of the parties." § 3732. " All express trusts must be created or declared in writing." § 3733. " Trusts are implied — (1)

Whenever the legal title is in one person, but the beneficial interest, either from the 'payment of the purchase-money or other circumstances, is either wholly or partially in another. (2) Where, from any fraud, one person obtains title to property which rightly belongs to another. (3) Where, from the nature of the transaction, it is manifest that it was the intention of the parties that the person taking the legal title shall have no beneficial interest. (4) Where a trust is expressly created, but no uses are declared, or are ineffectually declared, or extend only to a part of the estate, or fail from any cause, a resulting trust is implied for the benefit of the grantor, or testator, or his heirs." § 3739. In several States, trusts resulting from the payment of the purchase-money and the taking of the conveyance in the name of another have been abolished by statute. The section of our code last above quoted is but a restatement of the general equity principles, and is simply declaratory of existing equity rules. Resulting and constructive trusts are not abolished and are not within the statute of frauds as enacted in this State. In the early case of *Miller* v. *Cotton,* 5 *Ga.* 341, 346, Lumpkin, J., speaking for the court, said: " The eighth section [of the statute of frauds] exempts from the operation of the act trusts arising or resulting by the implication or construction of law. What then are resulting trusts, which before the act were disposable by a bare declaration by parol, and are considered since its passage on the same footing?" The learned judge answers the inquiry by quoting from Lord Hardwick in Lloyd v. Spillet, supra. The suggestion is made, however, that Lord Hardwick's enumeration is not exhaustive. While it is beside the issue here, treating the trust as resulting and not constructive, it is interesting to note that Judge Lumpkin expressed the view that the fraud necessary to a constructive trust was active or positive fraud. Our code declares: "As between husband and wife, parent and child, and brothers and sisters, payment of purchase-money by one, and causing the conveyance to be made to the other, will be presumed to be a gift; but a resulting trust in favor of the one paying the money may be shown and the presumption rebutted." § 3740. Also: "In all cases where a trust is sought to be implied, the court may hear parol evidence of the nature of the transaction, or the circumstances, or conduct of the parties, either to imply or rebut a trust." § 3741. In all cases,

the counter presumption in favor of a grantee who is the wife or child of the purchaser is a presumption of fact, and not of law, and can be overthrown by clear and convincing proof of the real intention of the parties. Smithsonian Institution *v.* Meech, 169 U. S. 398, 407 (18 Sup. Ct. 396, 400, 42 L. ed. 793, 798).

It is insisted that the plaintiff in error, in his rejected amendments, sought to establish a trust in the land by parol testimony. The agreement by the wife to hold the land for the benefit of the husband being express, it is contended that the case is within the statute of frauds. It will be noticed that the husband did not aver that the conveyance was made to the wife upon an express declaration by him or upon an express oral promise by her that the land should be held for the use of the husband. It is, however, averred that the husband did not intend to make a gift to the wife, and that the wife understood that no gift was intended, but understood that she was to hold the land for the husband and was to make a conveyance to him as he might desire. If the amendments are construed as alleging an express oral agreement by the wife, it is difficult to see how the trust, conceding the trust, can be logically treated as a resulting trust. As we have said, a resulting trust is an implied-in-fact or inferred trust. It is not based upon fraud or misrepresentation. On the contrary, the basis of the true constructive trust is fraud, actual or "constructive," and our own cases, it must be conceded, seem to require actual fraud. It may be that the trust is not resulting, but constructive. This is the view of Dean Ames (see 20 Harv. Law Rev. 349) and of Professor Costigan of the Northwestern University (see 27 Harv. Law Rev. 437). According to these writers, the express oral promise takes the case out of the category of resulting trusts, and equity, upon the repudiation of the promise by the faithless grantee, imposes a trust to prevent the grantee from retaining the trust res as his own, applying the unjust-enrichment doctrine. These writers assert that a dishonest and evil intention at the time of the conveyance and an evil and dishonest intention subsequently formed, if followed by a retention of the trust res, are one and the same — actual fraud.

However, in those jurisdictions where the resulting trust has not been abolished, it is generally held that the trust is resulting. In Barrows *v.* Bohan, 41 Conn. 278, 283, Carpenter, J., said: " The

whole doctrine of resulting trusts rests upon a presumed agreement between the parties. When the actual [oral] agreement between the parties is identical with the agreement which the law will imply from the circumstances...there can be no conflict, and no danger that the real intentions of the parties will be defeated by the operation of law. Such an agreement, therefore, will not defeat a resulting trust." Where A pays the purchase-money and the deed is made to B, who is legally a stranger to A, practically all the courts regard the trust as resulting, provided the oral promise is merely to do that which a court of equity would have compelled B to do in the absence of such oral promise. Tillman v. Murrell, 120 Ala. 239 (24 So. 712); Carlson v. Erickson, 164 Ala. 380 (51 So. 175); Crosby v. Henry, 76 Ark. 615 (88 S. W. 949); Moultrie v. Wright, 154 Cal. 520 (98 Pac. 257); Gerety v. O'Sheehan, 9 Cal. App. 447 (99 Pac. 545); Booth's Appeal, 35 Conn. 165; Ward v. Ward, 59 Conn. 188 (22 Atl. 149); Murrell v. Peterson, 59 Fla. 566 (52 So. 726); Williams v. Brown, 14 Ill. 200; Smith v. Smith, 85 Ill. 189; Furber v. Page, 143 Ill. 622 (32 N. E. 444); Prow v. Prow, 133 Ind. 340 (32 N. E. 1121); Franklin v. Colley, 10 Kan. 260; Rayl v. Rayl, 58 Kan. 585 (50 Pac. 501), cf. Zellmer v. Koch, 9 Kan. App. 486 (58 Pac. 1012), cf. Keller v. Kunkel, 46 Md. 565; Cooley v. Cooley, 172 Mass. 476 (52 N. E. 631) — semble; Davis v. Downer, 210 Mass. 573, 575 (97 N. E. 90) — semble; Thomas v. Thomas, 62 Miss. 531, cf. Runnels v. Jackson, 1 How. (Miss.) 358, cf. Hall v. Congdon, 56 N. H. 279; Converse v. Noyes, 66 N. H. 570 (22 Atl. 556); Warren v. Tynan, 54 N. J. Eq. 402 (34 Atl. 1056); Reeves v. Evans (N. J.), 34 Atl. 477, cf. Levy v. Ryland, 32 Nev. 460 (109 Pac. 905); McCoy v. McCoy, 30 Okla. 379 (121 Pac. 176 Ann. Cas. 1913C, 146) — semble; Arnold v. Harris (Tenn.), 52 S. W. 715; Herriford v. Herriford, 78 Wash. 429 (139 Pac. 212) — semble; cf. Currence v. Ward, 43 W. Va. 367 (27 S. E. 329). In Robinson v. Leflore, 59 Miss. 148, it was said: "If the facts make out a case of resulting trust independently of the agreement, relief will not be denied because of the agreement; it being well settled that an invalid agreement can not destroy an otherwise good cause of action; and this is no less true of resulting trusts than of other legal rights." The second headnote in Brennman v. Schell, 212 Ill. 356 (72 N. E. 412), is as follows: "A resulting trust arising by operation of law is not de-

feated because the grantee verbally agreed to convey the title to the cĕstui que trust upon request." Where A pays the purchase-money and causes the deed to be made to his wife, and an oral agreement to hold in trust for A is shown to rebut the presumption of gift, the majority view is that the trust is nevertheless resulting if the oral agreement is not different from the agreement which would be implied if the grantee were legally a stranger to A.   Smithsonian Institution v. Meech, supra; Harden v. Darwin, 66 Ala. 55; Milner v. Freeman, 40 Ark. 62; Harbour v. Harbour, 103 Ark. 273 (146 S. W. 867); Corr's Appeal, 62 Conn. 403 (26 Atl. 478); Sherman v. Sherman, 20 App. D. C. 330; Dorman v. Dorman, 186 Ill. 154 (58 N. E. 235, 79 Am. St. R. 210);Bachseits v. Leichtweis, 256 Ill. 357 (100 N. E. 197); Cooley v. Cooley, supra; Howe v. Howe, 199 Mass. 598 (85 N. E. 945, 127 Am. St. R. 516) — semble; Sherwood v. Davis, 168 Mich. 398 (134 N. W. 463) — semble; Price v. Kane, 112 Mo. 412 (20 S. W. 609); Curd v. Brown, 148 Mo. 82 (49 S. W. 990) — semble; Bartlett v. Bartlett, 15 Neb. 593 (19 N. E. 691); Bailey v. Dobbins, 67 Neb. 548 (93 N. W. 687); Lahey v. Broderick, 72 N. H. 180 (55 Atl. 354); Duvale v. Duvale, 54 N. J. Eq. 581 (35 Atl. 750); McGee v. McGee, 81 N. J. Eq. 190 (86 Atl. 406) — semble; Yetman v. Hedgeman, 82 N. J. Eq. 221 (88 Atl. 206; Livingston v. Livingston, 2 Johns. Ch. (N. Y.) 537; Jackson v. Matsdorf, 11 Johns. (N. Y.) 91 (6 Am. D. 355), but see Binkowski v. Moskiewitz, 144 App. Div. 161 (128 N. Y. Supp. 803); Gould v. Gould, 51 Hun, 9 (3 N. Y. Supp. 608); Jeremiah v. Pitcher, 26 App. Div. 402 (49 N. Y. Supp. 788) — affd. 163 N. Y. 574 (57 N. E. 1113); Short v. Short, 62 Ore. 118 (123 Pac. 388); Hickson v. Culbert, 19 S. D. 207 (102 N. W. 774); Shepherd v. White, 10 Tex. 72 — semble; Bickford v. Bickford, 68 Vt. 525 (35 Atl. 471); Waltson v. Smith, 70 Vt. 19 (39 Atl. 252) — semble; cf. Borrow v. Borrow, 34 Wash. 684 (76 Pac. 305); Collinson v. Collinson, 3 DeG., M. & G. 409; Scawin v. Scawin, 1 Y. & C. C. C. 65; Williams v. Williams, 32 Beav. 370 —semble; Re Gooch, 62 L. T. N. S. 384 — semble; Devoy v. Devoy, 3 Sm. & G. 403 — semble. In Thomas v. Thomas (1911), 79 N. J. Eq. 461 (81 Atl. 748), it appeared that Mr. Thomas Sr. purchased the land in question for his own benefit at sheriff's sale, paying $21,400 for it with his own money. He took the title, however, in the name of his three sons. By prior arrangements with his sons he had procured from

them their assent that he should do so and their promise that at such time as he desired the property conveyed by them to him they would execute the deeds. The promise rested in parol. Mr. Thomas Sr. was living separate from his wife at the time, under an agreement of separation, and was expecting at the time that he would soon have occasion to sell the property to an anticipated purchaser, and thought by putting the title in the name of his sons he would avoid any difficulty in getting his wife to sign the deed. One of the sons died, leaving the legal title in his name, which legal title descended to the son of that son, a defendant in the suit. Leaming, V. C., speaking for the court, said: "The presumption in such a case is that the father supplies the consideration, not for his own benefit, but for the benefit of the relative; therefore, standing alone, the mere testimony on the part of the father . . that the father supplied the money will not be sufficient to create a resulting trust, but, on the contrary, such testimony will create a presumptive gift, settlement, or advancement. That presumption, however is a rebuttable presumption; if the presumption of gift, settlement, or advancement can be dispelled or overcome by competent evidence, then the conveyance to the son stands exactly on the same plane as a conveyance to a stranger. . . When conversations between the party who supplies the consideration, the father, and the party who receives the conveyance, the son, are sought to be introduced into evidence for the purpose of repelling the presumption of gift, the thought necessarily suggests itself that the effect of such testimony is to establish a trust. As such it would be incompetent, but it is competent to establish that it was not a gift, settlement, or advancement. In other words, it is competent to repel or rebut the presumption of gift which the law has created, and it will be received for that purpose and for that purpose alone, and if, when received, it is adequate to fully dispel the presumption of settlement or advancement or gift, then the case stands exactly as it would stand in the case already suggested of a conveyance made to a stranger." It was decreed that the entire equitable title to the property was in Mr. Thomas Sr. In Long v. Meechem (1904), 142 Ala. 405 (38 So. 262), the case was that "the land in question was bought and paid for by the complainant, and the title taken in the name of one Duncan, under an agreement that Duncan was to hold the legal title for complainant,

and to convey the land, whenever desired under complainant's direction." The contention of the respondent was that the fact that there was a parol agreement in regard to the trust "takes it out of the category of resulting trusts, and it is therefore void." It was held that a trust resulted notwithstanding the express oral agreement. In Re Davis (1901), 112 Fed. 129 (a case in the district court of the United States, Mass.), the contention that a resulting trust may be defeated by an unsuccessful attempt to create an express oral trust in favor of a third person is disposed of as follows: "The trustee thus stands in the place of a grantee who seeks to rebut the presumption that the trust results to the purchaser, and seeks to do so by showing that a trust was intended in favor of a third person, which trust is not enforceable against the grantee. The grantee thus claims the entire beneficial interest in the estate, of which she would otherwise have taken nothing, by showing that a beneficial interest was intended in some one else. She claims a beneficial interest in property because of the expressed intent that she should take no beneficial interest therein. If the purchaser had said nothing, the grantee would have taken nothing. Because the purchaser has said that the grantee is to take nothing, the grantee claims to take everything. This does not appear to be equitable." In 2 Devlin on Real Estate (3d ed.), § 1178, the author quotes from the opinion by Beck, J., in Cotton *v.* Wood, 25 Iowa, 43, 46: "It cannot be that the consent of the trustee to hold the title for the benefit of the cestui que trust, or an agreement so to do, in case of a resulting trust, will change its character. By the agreement the trustee simply assents to an obligation imposed by the law; the trust would exist without the agreement by operation of law. The agreement can not destroy the effect of the conditions under which the law presumes the estate is held by the trustee." In Bayles *v.* Baxter, 22 Cal. 575, it was held that the fact that the grantee agreed verbally with the party paying the consideration that the former would upon demand execute a deed to the latter does not make the trust express as distinguished from one implied, so as to exclude parol proof. That there are cases to the contrary is not denied. See Kinley *v.* Kinley, 37 Colo. 35 (86 Pac. 105, 119 Am. St. R. 261); Montgomery *v.* Craig, 128 Ind. 48 (27 N. E. 427); Murray *v.* Murray, 153 Ind. 14 (53 N. E. 946); Andrew *v.* Andrew, 114 Iowa, 524 (87 N. W. 494);

Hoon *v.* Hoon, 126 Iowa, 391 (102 N. W. 105); Chapman *v.* Chapman, 114 Mich. 144 (65 N. W. 215, 72 N. W. 131); Johnson *v.* Johnson, 16 Minn. 512; Johnson *v.* Ludwick, 58 W. Va. 464 (52 S. E. 489); Ludwick *v.* Johnson, 67 W. Va. 499 (68 S. E. 117); Mullong *v.* Schneider, 155 Iowa, 12 (134 N. W. 957). In these cases, it will be noted, the payer of the purchase-money was held to be without remedy. The trust was not resulting, because the promise was express, and therefore within the statute of frauds; and the courts declined to impose a trust. But, as we have said above, the majority of the courts hold the express promise to be mere surplusage, or else that it exhausts itself in rebutting the presumption of gift in cases where the conveyance is taken in the name of the wife or child, or some one standing *in loco parentis* to the payer of the purchase-money. The English cases alone seem to consistently regard the trust as constructive, in case of express oral promise to hold in trust, and not as resulting.

That our code excepts from the statute of frauds resulting and constructive trusts is not open to doubt. §§ 3735, 3739, 3740. That " In all cases where a trust is sought to be implied, the court may hear parol evidence of the nature of the transaction, or the circumstances, or the conduct of the parties, either to imply or rebut a trust," is expressly declared. § 3741. Section 3258, which declares, "A deed or bill of sale, absolute on its face and accompanied with possession of the property, shall not be proved (at the instance of the parties) by parol evidence to be a mortgage only, unless fraud in its procurement is the issue to be tried," has no application to the present case. It is unnecessary to assert that the rule of evidence prescribed by the code is restricted to the single instance there stated. The legislature of this State in the act of 1837 codified in section 3258, supra, did not abolish the doctrine of implied or resulting and constructive trusts in this State. The doctrine has since been recognized in many cases. See *Miller* v. *Cotton, 5 Ga.* 341; *Williams* v. *Turner, 7 Ga.* 348. The second headnote in *Brown* v. *Burke, 22 Ga.* 574, is as follows: " The purchase of land by a parent in the name of a child is presumptively an advancement; but that presumption is subject to be rebutted by evidence." Trusts resulting by implication of law are discussed in *Poulet* v. *Johnson, 25 Ga.* 403, 411, and it was there said by Benning, J., that resulting trusts " may still be manifested

and proved by matter not in writing." See *McKinney* v. *Burns,* 31 *Ga.* 295; *Scott* v. *Taylor,* 64 *Ga.* 506; *Holmes* v. *Holmes,* 106 *Ga.* 858 (33 S. E. 216); *Roberts* v. *Griffith,* 112 *Ga.* 146 (37 S. E. 179). In *Kimbrough* v. *Kimbrough,* 99 *Ga.* 134 (25 S. E. 176), *Jackson* v. *Williams,* 129 *Ga.* 716 (59 S. E. 776), *Stokes* v. *Clark,* 131 *Ga.* 583 (62 S. E. 1028), and *Stonecipher* v. *Kear,* 131 *Ga.* 688 (63 S. E. 215, 127 Am. St. R. 248), the doctrine was clearly recognized. In each of these cases, however, it was held that the presumption of a gift or loan to the grantee was not rebutted, and consequently no trust resulted. · In *Kimbrough* v. *Kimbrough,* supra, the first headnote is as follows: "Where a husband with his own money purchased and paid for a home, and deliberately and intentionally had the same conveyed to his wife, with no understanding or agreement that he was in any event to have an interest in the title, the transaction amounted to a gift from the husband to the wife, and as between them the property became absolutely her separate estate." The implication is that if the conveyance had been to the wife with an understanding or agreement that the husband was to have an interest in the title, a trust would have resulted. The same implication is seen in all the cases where the transaction has been held to amount to a gift or advancement. In *Wilder* v. *Wilder,* 138 *Ga.* 573, 576 (75 S. E. 654), Evans, P. J., speaking for the court, said: "As between parent and child, payment of the purchase-money by one and causing the conveyance to be made to another will be presumed to be a gift; but a resulting trust in favor of the one paying the money may be shown and the presumption rebutted. Civil Code, § 3740. If the mother bought the property with her own money and took the title in the name of her son, and nothing else appeared, then the transaction would be a gift. But if the title was taken in the name of the son under circumstances indicating that no gift was intended, and that the mother was to continue to be the owner of the property notwithstanding the legal title was put in the son, as between them a trust would result to the mother. Dyer *v.* Dyer, 1 Lead. Cases in Eq. 314; *Cottle* v. *Harrold,* 72 *Ga.* 830; 3 Pom. Eq. Jur. §§ 1037, 1038. In such cases the court may hear parol evidence of the nature of the transaction or the circumstances or conduct of the parties, either to imply or rebut the trust." In no case decided by this court, so

far as we have been able to ascertain, has it been held that an express oral promise by the grantee to hold in trust will operate to defeat a resulting trust, where, on the special equities growing out of the transaction, the law would, in the absence of such an agreement, imply a trust. *Pound* v. *Smith,* 146 *Ga.* 431 (91 S. E. 405), correctly applies the doctrine of express and "implied" (i. e. resulting and constructive) trusts.

The defendant in error relies upon the decision in *Jackson* v. *Jackson,* 146 *Ga.* 675 (92 S. E. 65). That case was between the parties to this case; and it was there held that under the allegations of the petition a trust did not result to the husband. Upon its facts the case is, in many respects, very much like the case at bar. The husband there alleged, as he here offered to plead, that no gift of the property (land) was contemplated or intended; that the wife never claimed any interest in the property until long after the conveyance to her had been made by direction of the husband, the payer of the purchase-money; that the wife persuaded the husband to have the deed made in her name, and the husband caused the conveyance to be made to her "with a view to humoring her, and with the distinct understanding that the beneficial or equitable title still remained" in the husband. It was further alleged in that case that the representations of the wife were false and fraudulent, "and made with a view of deceiving, misleading, and defrauding" the husband. That decision followed *Vickers* v. *Vickers,* 133 *Ga.* 383 (65 S. E. 885, 24 L. R. A. (N. S.) 1043), in which it was held: "Where for any reason the legal title to property is placed in one person under such circumstances as to make it inequitable for him to enjoy the beneficial interest, a trust will be implied in favor of the person entitled thereto; but an absolute gift will not be cut down by implication into a trust merely because the donor at the time he made the gift hoped and believed that the donee would permit him to participate in the beneficial interest of the property." The case of *Wilder* v. *Wilder,* supra, was distinguished. The ground upon which it was distinguished was that "there the mother bought the land with her own funds and caused the title to be made to her son under an agreement that the property was to be hers, and the son was to make to her such conveyance as she might require." It is apparent, therefore, that the case of *Jackson* v. *Jackson,* supra, was decided

on the theory that the petition showed a gift by the husband to the wife, and that this absolute gift could not be cut down into a trust upon the subsequent falling out of the husband and wife. The amendments in this case allege a resulting trust, and, as we have above indicated, an express oral agreement of the wife to hold in trust for the husband will not operate to defeat the so-called resulting trust.

It is insisted in the brief of counsel for the defendant in error that the amendments were properly disallowed, because they were not verified as required by section 5640 of the Civil Code. This objection was not made to the allowance of the amendments at the time they were offered; and it appears from the recitals in the bill of exceptions that the judge disallowed the amendments, not because of the failure to attach the statutory affidavit, but upon the ground that the same set forth no defense to the action, either in law or in equity. The point is ruled adversely to the contention of the defendant in error, in *Edwards* v. *Boyd,* 136 *Ga.* 733, 738 (72 S. E. 34.)

*Judgment reversed. All the Justices concur.*